## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | |
|---|---|
| JO ANN WILKERSON, | ) |
| Plaintiff | ) |
| vs. | ) CASE NO. 2:20-cv-8 |
| GROWING OLDER, INC. and ELIZABETH TURPIN, | ) |
| Defendants | ) |

### *PLAINTIFF'S COMPLAINT FOR DAMAGES*

Comes now Plaintiff Jo Ann Wilkerson (hereinafter "Wilkerson"), by counsel, and for her claims against Defendants Growing Older, Inc. and Elizabeth Turpin (hereinafter collectively "Growing Older" unless a defendant is identified by full name), alleges and says:

### *I. FACTUAL ALLEGATIONS*

1. Wilkerson is a resident of the State of Indiana, and is domiciled in Brazil, Clay County, Indiana.

2. Growing Older is a company headquartered in Sullivan County, Indiana. Growing Older provides in home companionship and health care assistance to its clients. Growing Older describes its principal office address as 851 E. Chaney Street, Sullivan, Indiana 47882.

3. Wilkerson was hired to work as an in home caregiver for Growing Older in April 2019. At this moment, Wilkerson is still employed in that same position.

4. Growing Older promised to pay Wilkerson at the rate of $18.00 per hour for her

work.  Growing Older did not, however, pay Wilkerson at an overtime premium rate (which would have been $27.00 per hour) for hours Wilkerson worked in excess of forty in any work week.

5. Defendant Elizabeth Turpin is believed to be the primary shareholder of Growing Older and Elizabeth Turpin has operational control over Growing Older.  Additionally, Growing Older, Inc. was not incorporated until late October 2019.  Prior to that time, Wilkerson worked for Defendant Elizabeth Turpin for a sole proprietorship Ms. Turpin called "Growing Older." Elizabeth Turpin is the person who hired Wilkerson and Elizabeth Turpin is the person who promised to pay Wilkerson wages of $18.00 per hour.

6. During her period of employment, Wilkerson has worked for Growing Older at the home of two clients.  Wilkerson records and turns in to Growing Older her hours of work each week.

7. During her employment, Wilkerson has routinely worked between 60 and 90 hours in single work weeks.  At all times, Growing Older has failed and refused to pay Wilkerson at an overtime rate of pay (one and one-half times her regular rate of pay) for hours worked in excess of forty in a work week.

8. To provide two specific examples, in her work week that began October 28, 2019, Wilkerson worked and reported working 88.75 hours.  Growing Older paid Wilkerson for each of those 88.75 hours worked at a straight time rate of $18.00 per hour, but failed to pay Wilkerson at a $27.00 per hour overtime rate for her 48.75 overtime hours.  In doing so, Growing Older underpaid Wilkerson her overtime in this work week by at least $438.75 (48.75 overtime hours x $9.00/hour overtime premium).  With the FLSA presumptive liquidated damages, Growing Older owes Wilkerson $877.50 for just this one week of work.  In a second

example, in her work week that began November 18, 2019, Wilkerson worked and reported working 60.5 hours.  Growing Older paid Wilkerson for each of those 60.5 hours worked at a straight time rate of $18.00 per hour, but failed to pay Wilkerson at a $27.00 per hour overtime rate for her 20.5 overtime hours.  In doing so, Growing Older underpaid Wilkerson her overtime in this work week by at least $184.50 (20.5 overtime hours x $9.00/hour overtime premium).  With the FLSA presumptive liquidated damages, Growing Older owes Wilkerson $369.00 for just this one week of work.

9. Growing Older owes Wilkerson unpaid overtime compensation and liquidated damages for hundreds of overtime hours she has worked since April 2019.  Growing Older is a third party employer and Wilkerson is a non-exempt employee, entitled to overtime compensation under the Fair Labor Standards Act.

10. Growing Older has willfully, intentionally, knowingly and in bad faith violated Wilkerson's rights under the Fair Labor Standards Act and/or the Indiana Minimum Wage Law of 1965.  By way of this Complaint, Wilkerson is seeking all available damages, including, but not limited to, all unpaid wages, all unpaid overtime compensation, all liquidated and/or statutory damages, plus payment of her reasonable attorney's fees, costs and expenses.

## II.  JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this Complaint under 28 USC § 1331 and 29 USC § 201 et seq, as Wilkerson raises a federal question of law.  This Court has supplemental jurisdiction over Wilkerson's claims raised under Indiana law which arise from a common core of facts.

12. Venue is proper in this Court pursuant to 28 USC § 1391 because  the unlawful conduct alleged herein was committed in the Southern District of Indiana.

### III.  PARTIES

13.     Wilkerson is domiciled in and a resident of Clay County, Indiana.

14.     Growing Older is headquartered in Sullivan County, Indiana.

15.     Defendant Elizabeth Turpin is domiciled in and a resident of Sullivan County, Indiana.

### IV.  STATEMENT OF CLAIMS

#### A.  Claims Under the Fair Labor Standards Act

16.     Wilkerson incorporates herein by reference paragraphs 1 through 15 above.

17.     Defendant Growing Older, Inc. is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA.  Defendant Growing Older, Inc. is an "employer," as that term is defined by the FLSA.  Defendant Growing Older, Inc. is a "joint employer" as that term is defined by the FLSA.  Finally, Defendant Growing Older, Inc. is a "person" as that term is defined by the FLSA.

18.     For purposes of liability under the FLSA, Defendant Elizabeth Turpin is and was an "employer," as that term is defined by the FLSA.  See 29 USC § 203(d).  Additionally, Defendant Elizabeth Turpin is and was a "joint employer" as that term is defined by the FLSA.  Finally, Defendant Elizabeth Turpin is and was a "person" as that term is defined by the FLSA.

19.     The Defendants, individually and acting jointly, have violated Wilkerson's rights to be properly paid overtime wages in a manner required by the FLSA.  Specifically, Wilkerson is a non-exempt employee and Growing Older was required to pay Wilkerson for each hour she worked and pay her at an overtime premium rate for any and all hours worked each week in excess of forty (40).

20.     Each of the Defendants' failure to comply with the FLSA's provisions regarding

minimum wages and overtime compensation is willful and without justification.

21. Wilkerson seeks all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for the Defendants' violations of the Fair Labor Standards Act.

22. Defendants are jointly and severally liable to Wilkerson, as they have jointly directed and controlled Wilkerson's and they have acted in concert to violate Wilkerson's rights.

### B. Alternatively-Pled Claims for Unpaid Overtime Compensation Under the Indiana Minimum Wage Law of 1965

23. Wilkerson incorporates herein by reference paragraphs 1 through 19 above.

24. While Wilkerson certainly believes the FLSA applies to her overtime claims, from an abundance of caution, Wilkerson pleads this claim under the Indiana Minimum Wage Law of 1965 in the alternative, in the event that Growing Older does not meet the FLSA's definition of "enterprise." If Growing Older is not covered in any way by the FLSA, then Growing Older is definitely an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 at I.C. 22-2-2-3, with two or more employees at all times relevant to the events described in this complaint.

25. For purposes of liability under the Indiana Minimum Wage Law of 1965, Defendant Elizabeth Turpin is and was an "individual" who is an "employer," as that term is defined by the Indiana Minimum Wage Law of 1965.

26. Wilkerson is and was a non-exempt employee. Growing Older violated the Indiana Minimum Wage Law of 1965's overtime provisions by failing and refusing to pay Wilkerson at an overtime rate for hours worked in excess of forty in a calendar week.

27. Growing Older's failure to comply with the Indiana Minimum Wage Law of

1965's provisions regarding overtime compensation was and is willful and without justification.

28.     Wilkerson seeks all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for Growing Older's violations of the Indiana Minimum Wage Law of 1965.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jo Ann Wilkerson respectfully requests that the Court enter judgment against both of the Defendants, holding the Defendants jointly and severally liable to her for violations of the FLSA and/or the Indiana Minimum Wage Law of 1965, and issue to her all available relief, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Minimum Wage Law of 1965, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. Costs;

4. Pre-judgment interest, if available; and

5. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP


By/s/Robert P. Kondras, Jr.
    Robert P. Kondras, Jr.
    Attorney No. 18038-84

100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
<u>kondras@hkmlawfirm.com</u>